IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, | No. Civ. S-04-2272 DFL DAD |
| Plaintiff, | <u>Memorandum of Opinion</u><br><u>and Order</u> |
| v. | |
| HOME DEPOT USA, INC. dba HOME DEPOT #1003, | |
| Defendant.    / | |

Plaintiff Tony Martinez filed this action against Home Depot alleging violations of the Americans with Disabilities Act (ADA) and multiple California statutes.[1]  Martinez seeks to amend his complaint.  Both parties move for summary judgment.  For the following reasons, the court denies the motion to amend, denies Martinez's motion for summary judgment as untimely, grants Home Depot's motion for summary judgment on all forty-two alleged ADA

---

[1]  California Health and Safety Code § 19955, the Unruh Act (Cal. Civ. Code § 51 et seq.), the Disabled Persons Act (Cal. Civ. Code § 54 et seq.), the Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 et seq.), and Negligence Per Se (Cal. Civ. Code § 1714).

1

violations, and declines to exercise supplemental jurisdiction over Martinez's remaining state law claims.

I.

Martinez, a disabled individual, alleges that he was denied access to Home Depot Store No. 1003 in Sacramento on January 1 and 6, 2004 due to forty-two barriers in the store's parking lot, aisles, checkout counters, and restrooms.  Martinez alleges that he would visit the store again but for the future threat that Home Depot will deny him "full and equal access" to the store.  Martinez seeks injunctive relief, compensatory damages, punitive damages, attorney's fees, and costs.

Martinez filed his original complaint on October 24, 2004.  Home Depot answered on December 6.  The court issued a scheduling order on January 20, 2005, stating that "no further . . . amendments to pleadings [are] permitted, except with leave of court, good cause having been shown."  The order closed all discovery on June 2, 2006 and required dispositive motions to be filed by July 12.  Martinez filed a motion to amend on May 16, 2006, but withdrew the filing on the same day.  On June 21, Martinez filed the present motion to amend.  On July 12, Home Depot filed a motion for summary judgment.  On July 24, the court granted Martinez's request for a site inspection "for the limited purpose of determining whether [defendants] have remedied the alleged violations."  The court instructed that

"[t]he site inspection shall not be the basis for new claims" unrelated to the remedial actions.  On September 15, Martinez filed a joint opposition to summary judgment and cross motion for summary judgment.

II.

A.   Motion to Amend

Martinez seeks to amend his complaint to add "newly discovered barriers."  A party attempting to amend a pleading after the date specified in a scheduling order must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id. at 609.  Analysis under Rule 16(b) focuses "upon the moving party's reasons for seeking modification."  Id. at 609.

Martinez provides no explanation as to why, more than two years after the visits to Home Depot that triggered this action, he must amend the complaint to allege new barriers.  Rather, he alleges only that the new barriers were discovered after the filing of the complaint and that allowing the amendment would further judicial economy.  These assertions do not demonstrate

good cause, particularly when the proposed amendments are so disruptive to the longstanding schedule for this case.  Martinez next asserts that he has been diligent in the course of litigation.  The record does not support this claim.  The expert report submitted by Martinez to document the newly encountered barriers was completed by January 23, 2006.  Martinez filed his motion initially on May 16, 2006 but immediately withdrew it. He refiled the motion on June 21, more than six months after receipt of the expert report notifying him of the additional barriers and more than two weeks after the June 2 close of discovery.  Such delays are not consistent with diligence.  See Schwarzer et al., Civil Procedure Before Trial, 8:405.1, 406, 417 (2006).  Martinez does not answer Home Depot's claim that allowing an amended complaint at this point in the litigation would be prejudicial to its interests.  For these reasons, Martinez's motion to amend is DENIED for failure to demonstrate good cause.  The remainder of this order addresses only barriers Martinez alleged in the original complaint.

B.   Martinez's Motion for Summary Judgment

Home Depot argues that Martinez's motion, filed jointly with the opposition to Home Depot's summary judgment motion, was untimely and should be disregarded.  Martinez filed the joint opposition and cross-motion on September 15, 2006, more than two months after the court's deadline for dispositive motions.

Martinez responds that the cross-motion was timely under Local Rule 78-230(e),[2] which he argues allows such a motion to be filed with a timely opposition despite the already-passed deadline for dispositive motions.  This argument lacks merit.  Neither the language of the rule nor any authority suggests that Local Rule 78-230(e) supersedes the court's scheduling order deadlines.  The Local Rule is directed to the situation in which no such deadlines are implicated.  Moreover, Rule 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  The court did not grant Martinez leave to file the late cross-motion for summary judgment.  The cross-motion, therefore, is untimely and the court treats Martinez's motion as an opposition to Home Depot's motion for summary judgment.

C.   Home Depot's Motion for Summary Judgment

Martinez concedes in his summary judgment papers that a majority of the forty-two alleged barriers do not violate the

---

[2]  "Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed with the Clerk in the manner and on the date prescribed for the filing of opposition.  In the event such counter-motion or other related motion is filed, the Court may continue the hearing on the original and all related motions so as to give all parties reasonable opportunity to serve and file oppositions and replies to all pending motions."  Local Rule 78-230(e).

ADA. The court addresses the conceded claims first, then those still disputed by the parties.[3]

   1.   Conceded Claims

   The court grants summary judgment for the defendant on the following claims, for the reasons explained below.

   For Claims 4 and 5, concerning the location of disabled parking spaces, Martinez concedes that Home Depot has relocated the disabled parking spaces from the side lot to the main entrance of the store.  Since Martinez based both claims on the prior location of the spaces, Home Depot's alteration renders Martinez's federal claim for injunctive relief moot.  Martinez, however, objects to Home Depot's removal of the spaces and restates his claim as to barriers between the removed spaces and the store entrance.  ADAAG § 4.6.2 requires only that accessible parking spots be "located on the shortest accessible route of travel from adjacent parking to an accessible entrance." Because Home Depot's newly added spaces comply with this section, neither the removal of the originally challenged, more distant spaces nor the continued presence of barriers between those spaces and the store violates the ADA.

   For Claims 8 and 9, concerning parking spaces not outlined in white and missing painted "No Parking" warnings in the access

---

[3]   The claim numbers correspond to the barriers listed in Martinez's Preliminary Site Accessibility Report.

aisles, Martinez concedes that Home Depot has remedied the alleged violations.[4]

For Claim 10, concerning stop signs at crossings, Martinez concedes without elaboration that there is no ADA violation.

For Claims 13 through 15, concerning exterior route of travel signs and international symbols of accessibility (ISAs) at store entrances, Martinez concedes without elaboration that there are no ADA violations.

For Claims 20 through 28, concerning restroom signs, latches, and doors, Martinez concedes without elaboration that there are no ADA violations.

For Claims 30 through 33, concerning placement of the toilet paper dispenser, the lavatory, drainpipes under lavatory, and the towel dispenser in the men's restroom, Martinez concedes that Home Depot has removed the alleged barriers.

For Claims 35 through 42, concerning alleged barriers in the women's restroom, Martinez concedes that he lacks standing to raise the claims.

    2.    Disputed Claims

---

[4] The additional violations concerning parking spaces alleged in Martinez's joint opposition and cross-motion go beyond the scope of the original complaint and do not state a claim under the ADA due to their reliance on a source – the Manual for Uniform Traffic Control Devices ("MUTCD") – not incorporated into the ADA's requirements. See Sanford v. Del Taco, Inc., No. Civ. S-04-2154, 2006 WL 2669351, *2 (E.D. Cal. Sept. 18, 2006).

Home Depot argues that the ADAAG provides the only regulations relevant to Martinez's ADA claims. Martinez misinterprets this argument, assuming that Home Depot is arguing that "it need only comply with the ADAAG," not other standards such as the California Building Code or Vehicle Code. Home Depot does not dispute that California law may provide relief, but argues that violations of state law cannot create federal violations under the ADA. See 28 C.F.R. § 36.103(c) (stating that ADA does not invalidate other state remedies, but making no mention of incorporation of state standards). Ample authority supports Home Depot's position. See, e.g. Sanford, 2006 WL 2669351, *2 ("compliance with the ADAAG, and not another standard, constitutes compliance with the ADA requirements"); Chapman v. Pier 1 Imports, No. Civ. S-04-1339, 2006 WL 1686511, *7 (E.D. Cal. June 19, 2006) ("the ADAAG constitutes the exclusive standards under Title III of the ADA"). Therefore, in determining whether Martinez states a federal claim, the court considers only the ADA and the ADAAG. For the reasons explained below, the court grants summary judgment for the defendant on the remainder of Martinez's federal claims.

For Claims 1 through 3, concerning tow-away sign requirements, Martinez does not allege that Home Depot violates the ADAAG. Instead, he relies upon MUTCD and other state regulations. However, "[t]he MUTCD does not establish the

guidelines for a violation of the ADA, and the ADAAG does not require tow-away signs." Sanford, 2006 WL 26669351, *2. Although the parties dispute whether Home Depot posted the proper tow-away signs in an adequate manner, no ADA violation would result if Martinez's allegations were true.[5]

For Claims 6 and 7, concerning improper parking signs, Martinez concedes that Home Depot removed the disabled parking spaces where it had posted the objectionable signs. He now alleges, however, that the remaining disabled parking signs violate the ADA because they (1) are not R99 and R7-8b signs and (2) contain the word "handicapped." Plaintiff improperly relies on MUTCD and misstates ADA requirements. The ADA does not require separate signs or signs of a specific size. Although ADAAG § 4.6.4 states that spaces "shall have an additional sign 'Van-Accessible' mounted below the symbol of accessibility," courts have not read this language as requiring two physically

---

[5] Martinez also argues that Home Depot created new violations by posting ISA path of travel signs in place of the tow-away signs. Martinez argues that one ISA sign is misleading because it could misdirect disabled customers. He provides no legal basis for concluding that the alleged confusion resulting from the sign would violate the ADA. The court does not address the claim because Martinez did not raise it in the original complaint. Moreover, Martinez lacks standing to challenge these ISA signs because they are only superficially related to the originally alleged, actually encountered tow-away sign barriers. See Martinez v. Longs Drug Stores, Inc., No. Civ. S-03-1843, 2005 WL 2072013, *4 (E.D.Cal. Aug. 25, 2005)(discussing standing limitations for ADA claims based upon unencountered barriers).

independent signs.  <u>White v. Divine Investments, Inc.</u>, No. Civ. S-04-0206, 2005 WL 2491543, *5 (E.D. Cal. Oct. 5, 2005) (holding that Justice Department's guidelines cited by plaintiff expressly allow a single sign containing required language). Moreover, although the ADA uses the term "disabled" rather than "handicapped" because it is the "terminology most in line with the sensibilities of most Americans with disabilities," it does not make the use of the word "handicap" a violation.  <u>See</u> Preamble to Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations, "Section 36.104 Definitions," 28 C.F.R. Part 36, App. B (explaining the disfavored status of "handicapped").  Therefore, even accepting as true Martinez's factual allegations, the court finds that he fails to state an ADA violation based upon improper parking signs.

    For Claim 11, Martinez alleges that the route of travel from the property border is not accessible because of (1) a slope in the direction of travel exceeding 8.1% and (2) gaps in the path exceeding 0.5 inches without a means of circumvention. Martinez argues that these barriers exist on the route from the property's eastern border.  Home Depot, however, alleges that an accessible route exists from the property's southern border. ADAAG 4.3.2(1) requires "[a]t least one accessible route." Since Martinez does not challenge the accessibility of the

southern route, the court grants summary judgment for Home Depot, regardless of any barriers that may exist in the alternative route of access.

For Claim 12, Martinez argues that no exterior route of travel exists from the parking lot to the store due to blocked access aisles. He also disputes Home Depot's claims of a clear-path policy based upon contradictory evidence found during his store visits.  Martinez relies upon ADAAG §§ 4.1.2, 4.3, and 4.4 in his original claim.  These sections, however, contain specific requirements for width, slope, and obstructions. Martinez fails to support his allegations with sufficiently specific evidence to create disputes of material fact under the cited ADAAG sections.  He does not allege that Home Depot lacks a parking access aisle under 96 inches, §4.1.2(5)(b), a pathway with minimum clearance less than 36 inches, § 4.3.3, or protruding objects violating the various specified allowances, § 4.4.1.[6]  Merely arguing generally that a "route" was "blocked"

---

[6]   Martinez argues that Home Depot's remedial efforts created new barriers to access.  Specifically, Martinez alleges that two of the newly installed accessible parking spaces have access aisles that do not align with required curb cuts.  These allegations alone, however, do not state an ADA violation. ADAAG § 4.6.3 states that "[t]wo accessible parking spaces may share a common access aisle."  Although Martinez's photos show that the final access aisle in a row of parking spaces is blocked by a curb, Home Depot's photos show that there is an aisle with ADA-compliant curb cuts on the opposite side of the

11

provides Home Depot with insufficient notice of the facts underlying his ADA claim, even if the allegations are accepted as true.

For Claims 16 to 18, concerning check-out counters, Martinez initially argued that Home Depot lacked an accessible check stand, an appropriately sized self-service counter, and an ATM paypoint within proper reach.  He now concedes that Home Depot lowered a check stand to the accessible height and installed an ISA.  However, he continues to argue that the check-out counters are inaccessible due to (1) the lack of appropriate verbiage on ISAs, (2) the closure of the accessible stand during his visit, and (3) the placement of card-readers at 39 and 45 inches.  These arguments fail.  First, ADAAG § 4.30.7 does not require the verbiage Martinez alleges is absent from Home Depot's ISA.  Second, ADAAG § 7.3 does not require accessible check stands to be open at all times.  Third, ADAAG § 4.34 regulates only ATMs, not "card-readers at the self-checkstand."[7]  Readers posted at 39 and 45 inches violate neither

---

relevant parking spaces.  Under the ADA, this aisle provides a sufficient path to an accessible route.

[7]    Even if the court treats the card-readers as ATMs, Martinez has not stated an ADA violation.  The required height for an ATM varies based upon the reach required to access it.  Although Martinez initially argued that the reach depth exceeded 10 inches for card-readers, his failure to specify how far over 10 inches makes it impossible to determine whether he states a

the general forward reach, §4.2.5, nor side reach, § 4.2.6, height limits.

For Claim 19, concerning the width of merchandise aisles, Martinez argues that Home Depot's store contains multiple aisles with points of insufficient width.  Home Depot responds that Martinez never specifies which aisles are narrower than the required 36 inches and that subsequent pictures of narrow aisles appear to be the result of temporary and movable obstructions. Moreover, even if there are points narrower than 36 inches, Home Depot argues that such allegations alone do not state an ADAAG violation.

Martinez states that he "had a hard time getting around once inside the store" because "[s]everal aisles had merchandise stored and piled up in the aisle which made it impossible for [him] to get through the aisle."  These allegations are sufficiently specific.  However, the ADA only applies to "architectural barriers," 28 C.F.R. 36.304(a), not temporary or movable barriers such as merchandise.  Martinez's merchandise allegations, therefore, do not state a claim for denial of an accessible route under ADAAG §§ 4.3.2 or 4.3.3.

Martinez also alleges that aisles in the store's gardening department, among others, are narrower at certain points than

---

height violation under § 4.34.3 (parallel approach reach range and height restrictions for ATMs).

the required 36 inches.  ADAAG § 4.3.2(3) states that "[a]t least one accessible route shall connect accessible building or facility entrances with all accessible spaces."  ADAAG § 4.3.3 sets the minimum clearance of an accessible route at 36 inches. However, a store with an aisle narrower than 36 inches does not violate these ADAAG sections when other aisles are wider than 36 inches, allowing other routes of access through the store.[8] White, 2005 WL 2491543, *7.  Martinez responds that interpreting the section to require only one accessible route would deny him "full and equal enjoyment" of the store.  Although Martinez's argument has force in theory, his fear that architecturally narrow aisles would require disabled individuals "to take different routes and go to extreme lengths . . . to obtain the same access that is available to the non-disabled patron" is a speculative injury unsupported by the record.  Martinez fails to demonstrate a material dispute of fact as to aisle width.

---

[8]   Martinez produces numerous photos of points in aisles narrower than 36 inches.  However, even if an aisle is narrower than 36 inches at a point, it may not constitute an ADA violation.  ADAAG § 4.3.3. requires a minimum of 36 inches of clearance in an aisle.  As explained in ADAAG Figure 8(e), however, a structure may protrude up to 4 inches deep into an aisle for a length of up to 24 inches.  Therefore, to state an aisle-width violation under § 4.3.3, Martinez must allege that the aisle is narrower than 36 inches for a length longer than 24 inches.  His photos of aisle width at a single point unaccompanied by explanation are insufficient to demonstrate such a barrier.

For Claim 29, concerning the toilet paper dispenser, Martinez argues that ADAAG § 4.16.6 mandates that the leading edge of the dispenser be within 36 inches of the back wall.[9] Home Depot responds that the ADAAG does not contain such a requirement. Section 4.16.6 states that "[t]oilet paper dispensers shall be installed within reach, as shown in Fig. 29(b)." The figure indicates that there must be a 17 to 19-inch space between the toilet seat and the toilet paper's leading edge. ADAAG Fig. 29(b). The only figure comment concerning the toilet paper dispenser states that "the toilet paper dispenser shall be mounted at a minimum height of 19 inches." Id. Nothing in the figure states a maximum distance from the back wall. Therefore, Martinez fails to demonstrate an ADA violation as to the placement of the toilet paper dispenser.

For Claim 34, Martinez argues that ADAAG § 4.13.10 mandates automatically closing doors on accessible restroom stalls. Home Depot argues that § 4.13.10 applies only if a door has a closer. Home Depot states the proper standard under ADAAG. Because Martinez does not allege that the accessible stall door has a closer, § 4.13.10 does not apply. The ADA does not require accessible stalls to have automatic doors.

---

[9] ADAAG § 4.16.6's only mention of a 36-inch requirement is in reference to the grab bar height range of 33 to 36 inches. See ADAAG Fig. 29(b).

Because Martinez has failed to demonstrate a material dispute of fact as to any of the original 42 claims, the court GRANTS Home Depot's motion in its entirety.[10]

D.  Supplemental Jurisdiction over State Claims

Martinez also alleges numerous violations of state law, independent of his ADA claims.  Home Depot did not seek summary judgment on these claims.  However, since none of the alleged ADA violations survive Home Depot's summary judgment motion, the action is now bereft of any federal claim.  The court declines to exercise supplemental jurisdiction over the remaining state law claims.  See Sanford, 2006 WL 2669351, *7 (dismissing state claims substantially predominating over remaining ADA claims).

### III.

For the above-stated reasons, the court:

---

[10]  Martinez alleges barriers in his opposition not contained in the original complaint.  To possess standing to allege an ADA violation, however, "the plaintiff must, at a minimum, know of, or have reason to know of, and be deterred by, the barrier at the time the complaint is filed in order to allege an injury from that barrier."  Martinez, 2005 WL 2072013, *4.  Beyond Martinez's failure to demonstrate good cause for amending his complaint and the untimeliness of his cross-motion for summary judgment, he does not allege that he knew of, or had reason to know of, and was deterred by the barriers raised in post-complaint pleadings.  Martinez lacks standing to address barriers omitted from the original complaint, with the exception of barriers both related to those originally alleged and created by Home Depot's remedial efforts.  The close relationship between such barriers and those originally alleged is sufficient to satisfy the standing requirements of knowledge and actual deterrence.

   (1) DENIES plaintiff's motion to amend his complaint;

   (2) DENIES plaintiff's cross-motion for summary judgment;

   (3) GRANTS defendant's motion for summary judgment as to all 42 alleged ADA violations; and

   (4) DISMISSES plaintiff's remaining state claims without prejudice.

 IT IS SO ORDERED.

Dated: March 26, 2007

            /s/ David F. Levi_____
            DAVID F. LEVI
            United States District Judge