IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, | No. Civ. S-04-2272 RRB DAD |
| Plaintiff, | <u>Memorandum of Opinion<br>and Order</u> |
| v. | |
| HOME DEPOT USA, INC. dba HOME DEPOT #1003, | |
| Defendant. | |

Plaintiff Tony Martinez filed an action against defendant Home Depot alleging violations of the Americans with Disabilities Act (ADA) and related state statutes. Home Depot defeated all claims against it at summary judgment. It now moves for $105,812 in attorneys' fees and in camera review of its billing records. For the following reasons, the court DENIES the motions.[1]

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant

1

I.

On October 24, 2004, Martinez filed a complaint against Home Depot, alleging that he encountered forty-two barriers during two visits to the store.  Home Depot filed a summary judgment motion on July 24, 2005.  Martinez conceded in his papers that twenty-nine of the alleged barriers did not violate the ADA.  For the remaining thirteen alleged barriers, Martinez failed to create a material dispute of fact as to whether they violated the ADA.  The court declined jurisdiction over the remaining state claims.  Home Depot now seeks fees under both federal and California law.

II.

A.   ADA Prevailing Party Fees

Under 42 U.S.C. § 12205, the court possesses discretion to award a reasonable attorney's fee to a prevailing party in an ADA action.  However, the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 418-19 (1978).  Fees are awarded to a prevailing defendant only under

---

matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

exceptional circumstances, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Summers v. Teichert & Sons, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997). "An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." Peters v. Winco Foods, Inc., 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004). "[T]his circuit affords the district court discretion to award attorneys fees, even where plaintiff's action is not wholly frivolous.  However, the court recognizes that such awards will rarely be appropriate where plaintiff has asserted significant meritorious claims." Id. at 1040.

To determine whether Martinez asserted significant meritorious claims, the court addresses the claims individually below, using the same reference numbers as in the summary judgment order.

1.   Conceded Claims

Martinez conceded Claims 4-5, 8, 10, 13, 15, 22-27, and 30-33 due to remedial action by Home Depot.[2]  Martinez conducted a court-approved inspection of the facility on July 24, 2005,

---

[2]   In the summary judgment order, the court described Martinez as abandoning claims 10, 13, 15, and 22-27 "without elaboration."  Upon review, Martinez did generally allege that he was conceding the claims due to remedial efforts by Home Depot.  These general concessions, however, were over-inclusive, capturing features Home Depot argues never violated the ADA and were not modified.

following Home Depot's summary judgment motion. In the papers filed after this inspection, Martinez conceded that Home Depot remedied the alleged barriers. Home Depot presents no evidence that the barriers in question were clearly ADA-compliant when the claims were filed. Therefore, the court cannot conclude that Martinez's claims were frivolous.

Martinez conceded Claims 35-42 due to lack of standing. Although the court has previously held that a male plaintiff lacks standing to challenge alleged barriers in a woman's restroom, disagreement exists within the district as to the scope of plaintiff's standing. See <u>Martinez v. Longs Drug Stores, Inc.</u>, No. Civ. S-03-1843, 2005 WL 2072013, at *4 (E.D. Cal. Aug. 25, 2005) (discussing conflicting standing theories for ADA claims based on unencountered barriers). Because the circuit has not yet resolved this legal issue, the court finds that the claims were not frivolous.

Martinez conceded Claims 9, 14, 20-21, and 28 with insufficient or no elaboration.[3] Martinez's failure to fully

---

[3] For Claim 9, Home Depot originally claimed that "the access aisles already had 'No Parking' painted in the aisle." Motion for Summary Judgment ("SJ Mot."), 8. Martinez responds that "Home Depot has indeed . . . painted the words 'no parking' in all of the access aisles," but does not specify whether the painting occurred before or after his action. Opposition to the Motion for Summary Judgment ("SJ Op."), 13. For Claim 14, Home Depot originally claimed that "[t]he surface at the Store entrance already had a grade of only approximately 0.1%, well

explain his reasoning for conceding these claims at such a late stage raises significant doubt as to whether they ever had "an arguable basis in law or in fact." Peters, 320 F. Supp. 2d at 1037. "Given the volume of disabilities litigation filed by plaintiff's counsel [Hubbard], the court must assume a passing familiarity with the law in this area." Id. at 1038. With this familiarity should come greater accuracy in identifying features as barriers and precision in explaining the reason for conceding a claim, particularly at the summary judgment stage. Because Hubbard appears to have failed in one or both of these areas for the above claims, the court finds them to be "frivolous, unreasonable, or without foundation." Id. at 1037.

2.   Disputed Claims

In Claims 1-3, Martinez alleged that Home Depot violated the MUTCD and other state regulations. These state law violations, he argued, also constituted violations of the ADA.

---

within permissible tolerances." SJ Mot. at 8. Martinez responds that he "no longer contests th[is] barrier[]." SJ Op. at 15. For Claims 20 and 21, Home Depot originally claimed that "[t]he signs leading customers to the restrooms already included the ISA symbol" and that the "sign shapes are correct." SJ Mot. at 9. Martinez responds that "Home Depot has made all the corrections as identified in Items #20-28," SJ Op. at 16, but does not address the features that Home Depot denied were in need of remedying. For Claim 28, Home Depot originally claimed that "[t]he family restroom does not require a flip or sliding latch as it is single-accommodation." SJ Mot. at 10. Again, Martinez responds generally that Home Depot made a correction, SJ Op. at 16, but does not address Home Depot's claim that no remedial action was necessary for the feature.

5

It is clearly established law that "compliance with the ADAAG, and not another standard, constitutes compliance with the ADA requirements." Sanford v. Del Taco, No. Civ. S-04-2154, 2006 WL 2669351, *2 (E.D. Cal. Sept. 18, 2006).  Hubbard has served as counsel in prior cases affirming this principle, see, e.g., Champman v. Pier 1 Imports, No. Civ. S-04-1339, 2006 WL 1686511, *7 (E.D. Cal. June 19, 2006), and cites no contrary authority. Therefore, the court finds that claims ignoring the presence of such clearly established law were frivolous.

In Claims 6-7, Martinez alleged that Home Depot failed to comply with technical ADAAG sign requirements.  His position rested on a misinterpretation of the ADAAG, but one with some basis in the regulations and surrounding authority.  Therefore, the court finds that these claims were not frivolous.

In Claim 12, Martinez alleged that blocked access aisles eliminated a required route of travel.  Home Depot successfully demonstrated that another route of travel existed.  Martinez's factual mistake is excusable, however, given the technical nature of the ADAAG's route of travel requirements.  Therefore, the court finds that the claim was not frivolous.

In Claims 16-18, Martinez alleged that Home Depot's check-out counters violated various provisions of the ADAAG.  Although Martinez's arguments failed, they were based on reasonable

interpretations of the ADAAG.  Therefore, the court finds that the claims were not frivolous.

In Claim 19, Martinez alleged that Home Depot's aisles were too narrow given the ADAAG's requirement.  Martinez nearly presented sufficient evidence to state a claim, making the court's decision a close one.  Therefore, the court finds that the claim was not frivolous.

In Claim 29, Martinez alleged that a toilet paper dispenser's placement violated ADAAG.  The argument, based on a diagram within the ADAAG appendices that reasonable readers could find to be confusing, was flawed but not unreasonable. Therefore, the court finds that the claim was not frivolous.

In Claim 34, Martinez alleges that the absence of an automatically closing door on a restroom stall violated ADAAG. The argument misinterpreted a series of technical ADAAG requirements.  Given their complexity, the court finds that the claim was not frivolous.

3.   Appropriateness of Fees

Fees for defendants should not be awarded when "plaintiff has asserted significant meritorious claims." Peters, 320 F. Supp. 2d at 1040.  Here, the court finds eight of Martinez's forty-two claims to be frivolous.  The majority of Martinez's ADA claims were either rendered moot by Home Depot's remedial efforts or based upon unsuccessful but reasonable

interpretations of applicable facts and law.[4]  Moreover, despite losing all forty-two claims, Home Depot's remedial efforts suggest that Martinez obtained "a significant concession from defendants" from their claims.  <u>Hensley</u>, 461 U.S. at 431 (quoting <u>Stanford Daily v. Zurcher</u>, 64 F.R.D. 680, 684 (N.D. Cal. 1974)).  Therefore, the court finds that it is reasonable for the parties to carry their own costs.  The court DENIES the motion for ADA fees.

B.  California Disabled Persons Act Fees

Home Depot argues that it is entitled to a mandatory award of fees under California Civil Code § 55 due to the court's dismissal for lack of jurisdiction of the CDPA claims. California courts engage in a practical analysis to determine whether a party prevailed.  <u>See</u> <u>Heather Farms Homeowners Ass'n, Inc. v. Robinson</u>, 21 Cal.App.4th 1568, 1574 (1994).  "[A]lthough a defendant who has received the benefit of a voluntary dismissal of an action against it is not necessarily a

---

[4]  In <u>Peters</u>, the court gave a proportional award of fees to a defendant after finding 60% of plaintiff's claims to be frivolous.  320 F. Supp. 2d at 1043.  It is often difficult, however, to discern what percentage of work went to frivolous claims.  <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983). Here, given that the frivolous claims arose from the same facts and law as the non-frivolous claims, the eight claims upon which fees would be awarded may have required only a de minimis amount of additional effort.

prevailing party, it may be under some circumstances." Graham v. DaimlerChrystler Corp., 34 Cal. 4th 553, 571-72 (2005).

The court's dismissal of Martinez's state law claims does not justify fees for Home Depot under the CDPA. The court recently addressed a similar issue in Wilson v. Norbreck LLC. No. Civ. S-04-690, 2007 WL 1063050, at *2-3 (E.D. Cal. April 9, 2007) (denying fees for CDPA claims abandoned before trial). "[T]he court holds that when a plaintiff brings parallel CDPA and ADA claims, the ADA fees provision controls as a matter of state law." Id. at *3. Even under California law, fees would be inappropriate because "prevailing defendants cannot receive attorney's fees for defending claims that inextricably overlap with other claims when a fee award is inappropriate for the defense of the latter." Id. at *3 (quoting Carver v. Chevron U.S.A., Inc., 119 Cal. App. 4th 498, 506 (2004)). Here, as in Wilson, the CDPA claims largely paralleled the ADA claims.[5] To award fees to Home Depot under the CDPA after denying them under the ADA "would compromise the policy underlying the ADA's attorney's fees provision, which distinguishes between

---

[5] This case differs from Wilson because Wilson voluntarily abandoned his CDPA claims. 2007 WL 1063050, at *2 n.2. Here, the court dismissed Martinez's claims based upon the discretionary exercise of supplemental jurisdiction. The practical result, however, was the same. Both plaintiffs lost their ADA claims on the merits and failed to bring their CDPA claims before the court.

9

prevailing plaintiffs and prevailing defendants." Wilson, 2007 WL 1063050, at *3. Therefore, the court DENIES fees under California law.

C.   In Camera Review of Billing Records

Home Depot argues that "it is imperative that [it] maintain all privileges with regard to the confidential information contained in its detailed billing records" because "Plaintiff has appealed the Court's adjudication of this case." Ex Parte Application, 2. Because the court finds a fee award to be inappropriate, it need not reach the issue. However, if the court were to grant fees, Home Depot provides no authority to support its request, does not detail the privileges it seeks to maintain, and does not generally describe the type of confidential information allegedly contained in the records. Home Depot does not explain why a record of the time expended on the litigation is privileged. See In re Weston, 953 F.2d 1390 (9th Cir. 1992) (unpublished) (upholding denial of in camera review of fee records due to inadequate demonstration of privilege). Moreover, Home Depot has not demonstrated why it was unable to remove privileged information from its records while still allowing Martinez enough information to examine the time expended on different aspects of the litigation. MGIC Indem. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (remanding fees award because the district court failed to allow the fee-

liable party to inspect records submitted in camera by the prevailing party). Martinez cannot contest the reasonableness of the requested fees without access to a more detailed record. Id. Therefore, the court DENIES the ex parte application.

III.

For the above reasons, the court DENIES the motions for fees and for in camera review.

IT IS SO ORDERED.

ENTERED this 1st day of August, 2007.

                               s/RALPH R. BEISTLINE
                               UNITED STATES DISTRICT JUDGE